IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL J. BIEKER, JR.,                    3:16-cv-00215-BR

            Plaintiffs,                 OPINION AND ORDER

v.

CITY OF PORTLAND and
PORTLAND FIRE & RESCUE,

            Defendants.


PAUL J. BIEKER, JR.
P.O. Box 1176
Boring, OR 97009

            Plaintiff, *Pro Se*

TRACY REEVE
Portland City Attorney
DAVID A. LANDRUM
Deputy City Attorney
1221 S.W. Fourth Ave, Rm. 430
Portland, OR 97204
(503) 823-4047

            Attorneys for Defendants


BROWN, Judge.

     This matter comes before the Court on the Amended Motion

(#5) to Dismiss of Defendants City of Portland and Portland Fire

& Rescue.

     For the reasons that follow, the Court **GRANTS** Defendants'

1 - OPINION AND ORDER

Motion and **DISMISSES with prejudice** that part of Plaintiff's
First Claim brought under Oregon Revised Statute § 659A.199;
**DISMISSES with leave to amend** that part of Plaintiff's First
Claim brought under Oregon Revised Statute § 659A.203; **DISMISSES
with prejudice** that part of Plaintiff's First Claim that is based
on acts that occurred prior to August 25, 2013, and, therefore,
is barred by the statute of limitations; **DENIES** Plaintiff'
request for jury trial as to Plaintiff's First Claim; **DISMISSES
with leave to amend** Plaintiff's Second Claim; and **DISMISSES with
leave to amend** Plaintiff's Third Claim.


<u>BACKGROUND</u>

The following pertinent facts are taken from Plaintiff's
Complaint and accepted as true for purposes of Defendants'
Motions.

Plaintiff was employed by Defendants as a lieutenant fire
fighter/paramedic.  In May 2011 Plaintiff took the civil-service
examination for promotion to captain.  Plaintiff did not make the
promotion list.

In 2012 it was discovered that certain individuals in
Portland Fire & Rescue had provided examinees with information
regarding the test in advance of the examination.  Defendants
investigated and published a report of its findings.  As a result
of this information, Plaintiff appealed his test results to the

2 - OPINION AND ORDER

Civil Service Board.  The Board, however, refused to exercise jurisdiction to hear Plaintiff's appeal based on timeliness. Plaintiff then filed a lawsuit in state court asserting he had timely filed his appeal based on the date of his discovery of the cheating.  The state court issued an order finding Plaintiff's appeal was timely.  Plaintiff alleges the City of Portland, in retaliation against him, thereafter changed the Board rules to calculate the time allowed for an appeal of civil-service examination results from the date of the occurrence that forms the basis of the challenge rather than from the date of discovery.

At some later point Defendants transferred Plaintiff to "the least desirable" work station in Portland Fire & Rescue.  When Plaintiff sought a transfer, he was told he could not be guaranteed a position at a permanent station and might end up back in a traveling pool, which would be "[an] even less desirable appointment."

In 2013 Plaintiff again took the examination for promotion to captain.  Plaintiff passed the written examination and was required to take an assessment-center examination.  Plaintiff alleges on June 21, 2013, he was given conflicting dates and times for the examination, which confused and frustrated him.  He eventually took the assessment-center examination on June 27, 2013.  Following the examination Plaintiff was advised his score

was .23 less than a passing score and that he had missed the cut-
off for inclusion on the promotional list "by only one place."
Plaintiff again filed an appeal with the Board and subsequently
learned in the summer of 2014 that many of his scores had been
changed without any indication as to who had made the changes.
In any event, Plaintiff alleges Defendants changed the cut-off
for the passing score of the assessment portion to retaliate
against him "for his whistleblowing and free speech activities
and conduct."

Plaintiff alleges Defendants retaliated against him for his
"whistleblowing activities and his exercise of his rights to free
speech and free association."  On May 30, 2014, Plaintiff gave
notice to Defendants that he intended to assert tort claims
against them for their retaliatory conduct such as assigning him
to less desirable stations when other officers junior in
seniority and experience were assigned to more desirable station
assignments.

On August 25, 2014, Plaintiff filed a complaint with the
Oregon Bureau of Labor and Industries (BOLI).  On August 20,
2015, BOLI issued to Plaintiff a Right to File a Civil Suit.
Plaintiff filed a complaint in state court on November 17, 2015.
In his complaint Plaintiff alleged claims for (1) unlawful
employment practices in violation of Oregon Revised Statutes
§ 659A.199 and § 659A.203, (2) violation of his First Amendment

right of free speech, and (3) intentional infliction of severe emotional distress.

Defendants removed the state-court action to this Court on February 4, 2016.


## STANDARDS

To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546). When a complaint is based on facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Federal Rule of Civil Procedure 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.* (quoting *Parrino v. FHP, Inc.,* 146 F.3d 699,706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.,* 443 F.3d 676 (9th Cir. 2006)).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."

6 - OPINION AND ORDER

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the court must construe *pro se* filings liberally.  If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).

## DISCUSSION

Defendants seek to dismiss each of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) as follows:

1.   That part of Plaintiff's First Claim for violation of Oregon Revised Statute § 659A.199 on the ground that the statute does not apply to public employers.

2.   That part of Plaintiff's First Claim for violation of Oregon Revised Statue § 659A.203 on the ground that Plaintiff does not allege facts in his Complaint that constitute a "disclosure" for purposes of "whistleblowing" under the statute.

3.   That part of Plaintiff's First Claim for violation of Oregon Revised Statute § 659A.203 on the ground that it is barred by the statute of limitations.

4.   Plaintiff's request for a jury trial as to Plaintiff's

First Claim.[1]

5.   Plaintiff's Second Claim for violation of First Amendment protection on the ground that the speech at issue does not constitute a matter of public concern.

6.   Plaintiff's Third Claim for intentional infliction of severe emotional distress on the ground that the conduct alleged does not rise to the level of conduct so outrageous or extreme as to be beyond the bounds of social decency.

## I.   General applicability of Oregon Revised Statutes §§ 659A.199 and 659A.203 to Plaintiff's First Claim for Unlawful Employment Practices.

In his First Claim Plaintiff seeks damages for retaliation by Defendants pursuant to Oregon Revised Statutes §§ 659A.199 and 659A.203.

Defendants contend § 659A.199 does not apply to public employers, and, therefore, Plaintiff may not bring his claim under both §§ 659A.199 and 659A.203.   Plaintiff, in turn, contends § 659A.199 does not specifically provide that it applies only to "private" employers, and, therefore, Plaintiff may pursue his claims under both §§ 659A.199 and 659A.203.

Section 659A.199(1) provides:

---

[1] In their Motion Defendants also raise issues regarding Plaintiff's right to recover attorneys' fees and to assert claims on behalf of Plaintiff's daughter.  The Court finds the issue of entitlement to attorneys' fees is premature.  In his Response to Defendants' Motion, Plaintiff clarifies he is not asserting claims on behalf of his daughter.

It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation off a state or federal law, rule or regulation.

In contrast, § 659A.203 is titled "Public employers; prohibited employment practices" and specifically prohibits "any public employer" from taking certain actions again an employee.

Although the Oregon state appellate courts have yet to address specifically the question whether a plaintiff may bring claims under both provisions against a public employer, courts in this District have concluded on multiple occasions that "[t]he Oregon legislature enacted ORS § 659A.199 in 2009 to extend 'whistleblowing' protections to private sector employees." *Minger v. Hood Comty. Coll. Dist.*, No. 3:14-cv-01460-SI, 2016 WL 475382 (D. Or. Feb. 4, 2016)(citing *Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069 at 1101 (D. Or. 2012)). *See also Peters v. Betaseed, Inc.*, No. 6:11-CV-06308-AA, 2012 WL 5503617 (D. Or. Nov. 9, 2012)(distinguishing between Oregon Revised Statute § 659A.203, "which applies to public employers," and Oregon Revised Statute § 659A.199 under which the plaintiff properly brought a claim against a private employer); *Grosz v. Farmers Ins. Exch.*, No. 3:10-cv-00563-ST, 2010 WL 5812667 (D. Or. Nov. 9, 2010), *report and recommendation adopted*, No. 3:10-cv-

9 - OPINION AND ORDER

00563-ST, 2011 WL 587555 (D. Or. Feb. 10, 2011)(noting Oregon Revised Statute § 659A.199 "impose[s] liability for whistleblowing discrimination by private employers"); *Lindsey v. Clatskanie People's Util. Dist.*, No. 3:14-cv-00485-SI, 2015 WL 6443290 (D. Or. Oct. 23, 2015)("The legislative history establishes that Oregon Revised Statute § 659A.199 does not apply to public employers.").

In *Minger* the district court concluded the plaintiff could not bring claims against his public employer under both §§ 659A.199 and 659A.203.  Relying on the Oregon Court of Appeals decision in *Hall v. Oregon,* 274 Or. App. 445 (2015), which compared the differing standards found in §§ 659A.199, 659A.203, and 659A.230, the *Minger* court stated:

> As the Oregon Court of Appeals has repeatedly noted, the Oregon legislature intentionally omitted the good faith standard found in other whistleblower statutes from the public employer whistleblower statute. In contrast, the Oregon legislature included the good faith standard in ORS § 659A.199, enacted after ORS § 659A.203.  The legislature also omitted the word "public" from ORS § 659A.199.  *See* Hearing on H.R. Bill 3162A before the S. Comm. on Commerce & Workforce Development, 75th Legis. Assemb. (Or. 2009)(statement of Rep. Judy Steigler)(stating that the bill codified as ORS § 659A.199 "bring[s] private employees more in line with the remedies available to them — would be available to them as public employees").  The differences between the two statutes indicate that the legislature specifically intended different threshold requirements to apply to whistleblower claims in the public and private sectors.  It would therefore make little sense to subject a public employer to competing requirements by allowing a plaintiff to bring claims under both ORS § 659A.199 and ORS § 659A.203.

2016 WL 475382, at *7.

Here Plaintiff asserts claims against his public employer under both Oregon Revised Statutes §§ 659A.199 and 659A.203. As in *Minger*, however, it would "make little sense to subject a public employer to the competing requirements" of each statute.

On this record the Court concludes Oregon Revised Statute § 659A.199 does not apply to Defendants as public employers. The Court, therefore, dismisses with prejudice that part of Plaintiff's First Claim in which Plaintiff seeks recovery against Defendants under Oregon Revised Statute § 659A.199.

## II. Protected "disclosure" of information underlying that part of Plaintiff's First Claim brought pursuant to Oregon Revised Statute § 659A.203.

Defendants argue Plaintiff has failed to allege a "disclosure" sufficient to support a claim under § 659A.203. Section 659A.203 provides:

> 659A.203. Public employers; prohibited employment practices
>
> (1) Subject to ORS 659A.206, except as provided in ORS 659A.200 to 659A.224, it is an unlawful employment practice for any public employer to:
>
> > (a) Prohibit any employee from discussing, in response to an official request, either specifically or generally with any member of the Legislative Assembly, legislative committee staff acting under the direction of a member of the Legislative Assembly, any member of the elected governing body of a political subdivision in the state or any elected auditor of a city, county or metropolitan service district, the activities of:
> >
> > > (A) The state or any agency of or political

11 - OPINION AND ORDER

subdivision in the state; or

(B) Any person authorized to act on behalf of the state or any agency of or political subdivision in the state.

(b) Prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:

(A) A violation of any federal or state law, rule or regulation by the state, agency or political subdivision;

(B) Mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the state, agency or political subdivision; or

(C) Subject to ORS 659A.212 (2), the fact that a person receiving services, benefits or assistance from the state or agency or subdivision, is subject to a felony or misdemeanor warrant for arrest issued by this state, any other state, the federal government, or any territory, commonwealth or governmental instrumentality of the United States.

Defendants contend Plaintiff's allegations that he took the promotional examination, did not score high enough for promotion, learned of misconduct in the examination process that the City ultimately investigated and that resulted in the City publishing findings, and then appealed his score to the Civil Service Board all fail to satisfy the definition of a protected disclosure under § 659A.203.

Plaintiff, however, argues his filing of claims with the

Director of Personnel, the Bureau of Human Resources, and the Civil Service Board accusing City employees of leaking examination information, as well as the filing of a claim with BOLI and a lawsuit in state court, constitute a disclosure sufficient to warrant protection under the statute.  Plaintiff also argues it was he and other candidates who "discovered and reported the cheating in 2012," and he "revealed even **more** about the City's corruption and retaliation during the prosecution of his claims before the Bureau of Human Resources, the Civil Service Board, and the Bureau of Labor and Industries."  Resp. at 9 (emphasis in original).

In *Bjurstrom v. Oregon Lottery*, 202 Or. App. 162 (2005), the Oregon Court of Appeals held "disclosures" under the whistleblower protection statute include reports of wrongdoing made within an agency or a department if they rise to the level of public concern.  *Id.* at 169, 172.  In *Bjurstrom* the court found the plaintiff's oft-repeated concerns to coworkers and supervisors regarding his employer's policy on the use of company-purchased safety shoes, a manager's alleged harassment of a coworker, policies regarding breaks by managers, and the incompetence of the human resources department did not rise to the level of protected disclosures under § 659A.203.  In addition, the cases suggest "disclosure" only extends to reports of previously unavailable information.  See, *e.g.*, *Lindsey v.*

13 - OPINION AND ORDER

*Clatskanie People's Util. Dist.*, No. 3:14-cv-00485-SI, 2015 WL 6443290 (D. Or. Oct. 23, 2015)(the district court's interpretation of protections under § 659A.203).

In *Clarke v. Multnomah County* the Ninth Circuit affirmed the district court and noted:  "The plain language of the Oregon statute . . . confirms that merely reporting publicly available information does not constitute a protected 'disclosure.'" *Clarke v. Multnomah Cty.,* 303 F. App'x 512, 513 (9th Cir. 2008).

Here Plaintiff's allegations do not on their face reflect violations of federal or state law, mismanagement, gross waste of funds, abuse of authority, or substantial and specific danger to public health and safety.  Moreover, Plaintiff does not allege he disclosed information that was not already publicly known or available.

Accordingly, on this record the Court dismisses that part of Plaintiff's First Claim brought under § 659A.203 to the extent that Plaintiff does not allege sufficient facts to show that his disclosures are protected under that statute.

### III. Statute of Limitations as to events underlying that part of Plaintiff's First Claim brought pursuant to § 659A.203.

Even if Plaintiff's disclosures were protected under § 659A.203, Defendants assert the statute of limitations would bar Plaintiff's First Claim to the extent that it is based on events that occurred before August 25, 2013, as set out below. Plaintiff, however, contends the statute of limitations does not

14 - OPINION AND ORDER

bar his claims based on events before August 25, 2013, because

the "pending proceedings doctrine"[2] applies in this jurisdiction. In the alternative, Plaintiff asserts his claims based on events before August 25, 2013, should not be barred based on the equitable tolling of the statute of limitations period.

Oregon Revised Statute § 659A.875(1) provides any claim for unlawful employment practices pursuant to Oregon Revised Statute § 659A.885 (including claims brought under whistleblower statutes) must be brought "within one year after the occurrence of the unlawful employment practice unless a complaint has been timely filed under ORS 659A.820."  A BOLI complaint must also be filed "no later than one year after the alleged unlawful practice."  Or. Rev. Stat. § 659A.820(2).  The filing of the BOLI complaint does not change the one-year requirement, but it allows an aggrieved employee an additional 90 days to file a civil action after BOLI issues its notice.  Claims for unlawful employment practices against an employer must be commenced within those statutory periods.  Or. Rev. Stat. § 659A.875.

In his Complaint Plaintiff alleges he first took the Civil

─────────────────────────

[2] The "pending proceedings doctrine" relied upon by Plaintiff is described by the Supreme Court of New Hampshire in *Chase Home for Children v. New Hampshire Div. for Children, Youth & Families*, 162 N.H. 720, 729 (2011)("A statute of limitations is tolled during a pending administrative proceeding if that proceeding is a prerequisite to a civil action.).

Service examination in May 2011.  Sometime in 2012 (although
neither party provides a specific date) allegations of "cheating"
on the 2011 examination came to light.  The City investigated
and, according to Plaintiff, published findings regarding these
allegations on March 1, 2012.  Within 14 days after these
findings were published, Plaintiff filed his appeal with the
Civil Service Board.  The Board issued its adverse decision on
October 3, 2012, and Plaintiff filed a writ of review in state
court challenging that decision.  The state court granted
Plaintiff's writ.  According to Plaintiff, he "participated in
the Civil Service Board hearing, until it became obvious that it
would not address his bases [sic] for appeal or evidence."  At
some later date Defendant changed Plaintiff's work assignment and
location.

     In 2013 Plaintiff again took the promotional examination,
passed the written portion, and took the assessment examination
on June 26, 2013.  Plaintiff later learned he did not pass the
examination and again was not eligible for promotion.

     As noted, Plaintiff's first complaint with BOLI was filed on
August 25, 2014, and BOLI issued a Notice of Right to File a
Civil Suit on August 20, 2015.  Plaintiff commenced his action in
state court on November 17, 2015, within 90 days after the BOLI
Notice.  Accordingly, Plaintiff's First Claim is barred by the
statute of limitations in § 659A.875(1) to the extent that

16 - OPINION AND ORDER

Plaintiff seeks to recover for events that occurred before
August 25, 2013, more than one year prior to the filing of his
BOLI complaint.

Plaintiff has not cited any binding precedent to support his
position that the "pending proceedings doctrine" applies in this
jurisdiction, and this Court has not found any such authority.

As noted, Plaintiff also asserts his claim should not be
barred based on equitable tolling of the limitations period
during the time he pursued his claim "before the various other
agencies" and cites *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170
(9th Cir. 1986), to support his position.

In *Valenzuela* the employee filed a Title VII discrimination
action in the California State court within 90 days of receipt of
a right-to-sue letter from the EEOC.  The employer removed the
action to federal court.  The district court dismissed the action
on the ground that federal courts have exclusive jurisdiction
over Title VII actions, and, therefore, the district court lacked
jurisdiction on removal from state court because the state court
never had jurisdiction.  The Ninth Circuit affirmed the district
court decision on appeal.  The employee then filed a Title VII
action in the district court.  The employer moved for judgment on
the pleadings on the ground that the district court lacked
jurisdiction because the plaintiff's complaint was not filed
within 90 days of the issuance of the right-to-sue letter.  The

district court denied the motion and found the filing of the
state-court action tolled the running of the 90-day period.  On
appeal the Ninth Circuit agreed with the district court and held
the 90-day period was not jurisdictional and could be tolled on
principles of equity.  The court concluded the employee should
not be denied a chance to present her case "because she chose the
wrong line of precedent" by filing her case in a court that
lacked jurisdiction.  801 F.2d 1170, 1175 (9th Cir. 1986).

     Nevertheless, the doctrine of equitable estoppel applies
when the employee knows he has a claim, but the employer
affirmatively and actively takes action that causes the employee
not to file his lawsuit timely.  *Santa Maria v. Pac. Bell*, 202
F.3d 1170, 1176 (9th Cir. 2000).  A finding of equitable estoppel
rests on the consideration of a non-exhaustive list of factors,
including:
(1) the plaintiff's actual and reasonable reliance on the
defendant's conduct or representations, (2) evidence of improper
purpose on the part of the defendant, and (3) the extent to which
the purposes of the limitations period have been satisfied.  *Id.*
(citing *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir.
1981)).

     Here Plaintiff selected the correct forum at each step.
When Plaintiff filed his claim with BOLI on August 25, 2014,
however, any claim based on wrongful conduct that occurred more

18 - OPINION AND ORDER

than one year earlier was barred under the statute of limitations, and Plaintiff does not offer any basis for the equitable tolling of the statute of limitations period.

Accordingly, on this record the Court concludes the acts alleged in paragraphs 3, 4, 5, 7, 8, and 9 of Plaintiff's Complaint[3] in support of Plaintiff's First Claim occurred before August 25, 2013, and, therefore, those claims are barred by the one-year statutory period set out in Oregon Revised Statute § 659A.875.  The Court, therefore, dismisses Plaintiff's First Claim to the extent that it is based on events that occurred before August 25, 2013.

**IV.  Jury trial on Plaintiff's First Claim for unlawful employment practices brought under Oregon Revised Statute § 659A.203.**

Even if any part of Plaintiff's First Claim arising from events that occurred after August 25, 2013, had survived the Court's analysis, the Court concludes Plaintiff would not be entitled to a jury trial as to those issues.

In its Motion Defendant moves to strike Plaintiff's request for jury trial as to his First Claim on the ground that Oregon Revised Statute § 659A.885(1)(a) requires claims brought pursuant to § 659A.203 to be decided by a judge.

---

[3] Defendant also moved against paragraph 10 of the Complaint, but there Plaintiff alleges he first learned about the changes in his scores "in the summer of 2014."  Because the exact date is not indicated, any claims Plaintiff based on this allegation may or may not be barred.

19 - OPINION AND ORDER

Plaintiff, however, argues Oregon Revised Statute § 659A.885(3) allows a jury trial for claims brought by private-sector employees under § 659A.199, and, therefore, claims under § 659A.203 by public-sector employees should be treated similarly.  Plaintiff relies on *Huber v. Oregon Department of Education*, 235 Or. App. 230 (2010), to support his position.

In *Huber* the plaintiff, a public employee, brought a claim pursuant to § 659A.203 for his allegedly improper discharge after he threatened to complain to the Oregon State Board of Nursing about his employer's substandard nursing practices.  The Oregon Court of Appeals affirmed the denial of a motion for summary judgment and noted the issue of wrongful discharge was generally a question of fact resolved by a jury.  *Id*. at 240.  The court, however, did not address whether plaintiff was entitled to a jury trial under § 659A.203.

Oregon Revised Statute § 659A.885(2) currently provides actions brought by public employees pursuant to § 659A.203 are to be determined by a judge.  Section 659A.885(3), therefore, does not address the issue.[4]

Accordingly, the Court concludes Plaintiff is not entitled to a jury trial on his First Claim for unlawful employment

---

[4] Oregon Revised Statute § 659A.885(3) has been amended by 2016 Oregon Laws Ch. 73, Sec. 5, to include actions brought under § 659A.203.  The bill (HB 4067) was passed by the Oregon Legislature and was signed by the Governor on March 29, 2016, but it does not become effective until January 1, 2017.

practices in violation of Oregon Revised Statute § 659A.203.

**V.    Plaintiff's Second Claim for First Amendment protection.**

Defendant moves to dismiss Plaintiff's Second Claim for
First Amendment protection on the ground that the speech at issue
constitutes a matter of public concern.  Defendant asserts the
allegations in Plaintiff's Complaint merely refer to speech that
deals with individual personnel disputes and grievances.

The First Amendment shields public employees from
retaliation for their protected speech activities.  The State, as
an employer, has an interest in regulating the speech of
employees, but it must balance the interests of the employee as a
citizen in commenting on matters of public concern against the
State's interest in promoting the efficiency of public service.
*Hagen v. City of Eugene*, 736 F.3d 1251, 1257 (9th Cir. 2013).
Whether a public employee's speech relates to a matter of public
concern is a question of law requiring the court to examine the
"content, form and context of a given statement as revealed by
the whole record."  *Karl v. City of Mountlake Terrance*, 678 F.3d
1062, 1069 (9th Cir. 2012).  "Speech involves a matter of public
concern when it can fairly be considered to relate to 'any matter
of political, social, or other concern to the community.'"
*Johnson v. Multnomah County, Or.*, 48 F.3d 420, 422 (9th Cir.
1995)(quoting *Connick v. Myers*, 461 U.S. 138 (1983)).  "[S]peech
that deals with 'individual personnel disputes and grievances'

21 - OPINION AND ORDER

and that would be of 'no relevance to the public's evaluation of
the performance of governmental agencies' is generally not of
'public concern.'"  *Coszalter v. City of Salem*, 320 F.3d 968, 973
(9th Cir. 2003)(quoting *McKinley v. City of Eloy*, 705 F.2d 1110,
1114 (9th Cir. 1983)).

Defendant contends Plaintiff merely alleges in his Complaint
that he filed an appeal of his score on the 2011 promotion
examination after the City investigated the rumors of cheating
and published its findings.  Defendant asserts Plaintiff's
advocacy of this information in an effort to persuade the Board
to change the results of Plaintiff's examination was no more than
the presentation of a personal grievance.  Plaintiff, however,
characterizes his efforts as "an expose of cheating and
corruption by governmental employees in their effort to subvert
the civil service system in order to favor their cronies."

In *Robinson v. York* the plaintiff brought a § 1983 action
against his employer.  566 F.3d 817 (9th Cir. 2009).  The
plaintiff alleged he placed in the highest category of candidates
on a promotion examination, but he was denied a promotion in
violation of his First Amendment rights because he had earlier
reported incidents of misconduct within his department to his
superiors.  In addressing the "public concern" aspect of the
plaintiff's First Amendment claim, the defendants conceded even
though some of the plaintiff's "internal reports of certain

22 - OPINION AND ORDER

alleged misconduct involved matters of public concern," others
did not.   The defendants asserted the plaintiff's follow-up
communications regarding his reports of misconduct were not
"matters of public concern."   The court ultimately found some of
the plaintiff's reports of possible corruption, discrimination,
and/or misconduct by fellow employees and the follow-up on those
complaints were "clearly matters of public concern."   *Id.* at 822.

Here, in contrast to the plaintiff's allegations in
*Robinson*, Plaintiff's allegations regarding the public-concern
nature of his disclosures do not satisfy the pleading standard
necessary for plausible First Amendment protection.

Accordingly, the Court dismisses Plaintiff's Second Claim.

## VI.  Plaintiff's Third Claim for Intentional Infliction of Emotional Distress.

Defendant moves to dismiss Plaintiff's Third Claim for
intentional infliction of severe emotional distress on the ground
that the allegations in Plaintiff's Complaint do not constitute
an extraordinary transgression of the bounds of socially
tolerable conduct.   Plaintiff, in turn, contends the "agonizing
competitive" nature of the promotion process was aggravated by
his discovery of cheating as well as Defendants' alleged acts of
retaliation.

To state a claim for intentional infliction of severe
emotional distress, a plaintiff must plead:  (1) the defendant
intended to inflict severe emotional distress on the plaintiff,

23 – OPINION AND ORDER

(2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. *McGanty v. Staudenraus*, 321 Or. 532 (1995).

Whether conduct constitutes an actionably outrageous transgression of social norms is based on a fact-specific, case-by-case analysis. *Zeggert v. Summit Stainless Steel, LLC*, No. 3:13-CV-00016-PK, 2014 WL 3512497, at *7-8 (D. Or. July 10, 2014) (citing *Lathrope-Olson v. Dep't of Transp.*, 128 Or. App. 405, 408 (1994)). Although determination of social norms is the kind of inquiry that is appropriately undertaken by a jury, the court, functioning as a gatekeeper, performs that role in the context of an intentional infliction of severe emotional distress claim. *Zeggert*, 2014 WL 3512497, at *7-8 (citing Pakos v. Clark, 253 Or. 113 (1969)). *See also House v. Hicks*, 218 Or. App. 348, 358, *review denied*, 345 Or. 381 (2008).

Actions by an employer "do not necessarily qualify as intentional inflictions of severe emotional distress unless they are also the kind of aggravated acts that a jury could find beyond all tolerable bounds of civilized behavior." *Zegert,* 2014 WL 3512497, at *7-8 (citing *Hall v. The May Dep't Stores*, 292 Or. 131 (1981)).

In every case in which the Oregon appellate courts have allowed an emotional distress claim asserted in the context of an

employment claim to proceed to a jury, the employer engaged in conduct that was more than aggravating, insensitive, petty, irritating, perhaps unlawful, or mean.  In some cases the employer engaged in or threatened to engage in unwanted physical contact of a sexual or violent nature (*see Lathrope-Olson v. Dep't of Transp.*, 128 Or. App. 405 (1994)(threatening to push the plaintiff into the path of oncoming vehicles)); used derogatory racial, gender, or ethnic slurs usually accompanied by some other aggravating circumstance (*see Whelan v. Albertson's, Inc.*, 129 Or. App. 501 (1994)(manager repeatedly referred to the plaintiff as a "queer" and imitated his allegedly effeminate characteristics)); exposed the plaintiff to actual physical danger (*see Babick* v. *Oregon Arena Corp.*, 333 Or. 401 (2002)(released intoxicated and violent concert-goers who had been detained by the plaintiffs)); repeatedly subjected the plaintiff to verbal abuse, forced her to do work from which she was medically exempted, and forced her to engage in illegal conduct (*see Schoen v. Freightliner LLC*, 224 Or. App. 613 (2008)(called the plaintiff "worthless" almost daily, assigned work that exceeded her medical limitations, and ordered the plaintiff to collect illegal "football pool" bets)); or involved acts of psychological and physical intimidation, racism, or sexual harassment (*see Kraemer v. Harding*, 159 Or. App. 90 (1999)(continuing accusations that a school bus driver was a

25 - OPINION AND ORDER

child sex-abuser after multiple investigations concluded there
had not been any inappropriate conduct)). *See also Wheeler v.
Marathon Printing, Inc.*, 157 Or. App. 290 (1998)(co-worker
continued "sadistic" harassment including sexual intimidation and
insults even after the plaintiff attempted suicide); *Mains v. II
Morrow, Inc.*, 128 Or. App. 625 (1994)(daily physical assaults and
sexual comments by supervisor); *Franklin v. Portland Comty.
Coll.*, 100 Or. App. 465 (1990)(supervisor called an
African-American male by the name "boy," issued false reprimands,
shoved him, locked him in an office, suggested he apply elsewhere
for employment, and otherwise subjected the plaintiff to "verbal
and physical abuse").

Here, as noted, Plaintiff contends the "agonizingly
competitive" nature of the promotion process was aggravated by
his discovery of cheating.  When Plaintiff attempted to "inform
higher-ups," he allegedly was met with roadblocks at every turn.
According to Plaintiff, when he tried to take the promotion
examination a second time, the

> City insiders were in full-scale "retaliation mode."
> They set out to trip him up on the date and time for
> his assessment center appearance, which muddied up his
> appearance before obviously annoyed evaluators who had
> to be held over extra hours at the assessment center
> just to evaluate him.  They raised the bar on what
> constitutes a passing score; they breached their own
> rules in scoring his written examination; they've given
> him the least desirable station assignments; they've
> coached, groomed, and mentored competing candidates on
> exam performance without offering him the same favors,
> and; they've even issued a false statement to Oregon

26 - OPINION AND ORDER

> PERS, denying his employment as a firefighter with the
> City and needlessly complicating his PERS retirement
> account.

Resp. at 26-27.  Although these allegations might give rise to a
conventional employment-related action, they do not reach the
level of aggravated acts that a jury could find beyond all
tolerable bounds of civilized behavior.

On this record the Court concludes Plaintiff's Third Claim
does not satisfy the standard required to state a claim of
intentional infliction of emotional distress that is plausible on
its face.  Accordingly, the Court dismisses Plaintiff's Third
Claim.


## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Amended
Motion (#5) to Dismiss as follows:

1.  **DISMISSES with prejudice** that part of Plaintiff's First
Claim brought under Oregon Revised Statute § 659A.199;

2.  **DISMISSES** that part of Plaintiff's First Claim brought
under Oregon Revised Statute § 659A.203 and **GRANTS** Plaintiff
**leave to amend** his Complaint as to this issue;

3.  **DISMISSES with prejudice** that part of Plaintiff's First
Claim that is based on acts that occurred before August 25, 2013,
and, therefore, is barred by the statute of limitations under
Oregon Revised Statute § 659A.875;

27 - OPINION AND ORDER

4.   **DENIES** Plaintiff's request for jury trial on his First Claim;

5.   **DISMISSES** Plaintiff's Second Claim and **GRANTS** Plaintiff **leave to amend** his Complaint as to this issue; and

6.   **DISMISSES** Plaintiff's Third Claim and **GRANTS** Plaintiff **leave to amend** his Complaint on this issue.

The Court **GRANTS** Plaintiff leave to amend his Complaint no later than **August 20, 2016,** to cure the deficiencies set out in this Opinion and Order limited to those issues specified in numbers 2, 5, and 6 above.

IT IS SO ORDERED.

DATED this 14th day of July, 2016.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge